UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PRECISE INNOVATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AEROSPACE ENGINEERING AND SUPPORT, INC., and RUSTY ORAM, JOHN DOES I-X, ROE ENTITIES I-X,<br><br>Defendant. | Case No. 4:21-cv-00420-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Counterdefendant Precise Innovations, LLC and Third-Party Defendant Ryan Burton's Motion to Dismiss and/or Strike the First Amended Answer to Complaint, Counterclaim, and Third-Party Complaint (Dkt. 11). For the reasons set forth below, the Court will grant the Motion, but allow leave to amend.

## BACKGROUND

Precise Innovations, LLC specializes in computer numerical control machining and manufacturing. *Compl.* ¶ 12, Dkt. 1-2. Precise and Aerospace Engineering and Support, Inc. ("AES") have done business together since 2002.

Ryan Burton, a member of Precise, also worked intermittently for AES, serving as their Vice President from January 2020 until July 2020, when he was laid off as a cost-saving measure. *Id.* ¶ 19.

Prior to this, in 2019, Precise and AES entered into an agreement for Precise to perform machining work on AES's larger contracts. *Id.* ¶ 13. Pursuant to this agreement, AES began sending purchase orders to Precise and shipping materials to Idaho for machining services. *Id.* ¶ 16. Precise maintains that it fulfilled the purchase orders in a timely fashion and sent invoices to AES for the work performed, but AES has failed to pay the balance on at least 35 invoices between June 2019 and May 2021, totaling $194,917.54. *Id.* ¶¶ 18-19.

On June 17, 2021, Precise filed its Complaint in the Sixth Judicial District Court, Franklin County, Idaho, alleging that AES had not paid numerous past due invoices. On October 21, 2021, AES removed this action from the Sixth Judicial District to this Court. *Notice of Removal*, Dkt. 1. On October 29, 2021, AES filed its Answer to Plaintiff's Complaint (Dkt. 4). Then, on November 19, 2021, AES filed a First Amended Answer to Complaint, Counterclaim, and Third-Party Complaint (Dkt. 6). The answer portion does not allege anything new from the Answer but adds a Counterclaim against Precise and Third-Party Complaint against Ryan Burton.

AES alleges two causes of action against Mr. Burton for breach of fiduciary duty and breach of loyalty. In addition, AES alleges a third cause of action for tortious interference with contract and economic relations against Precise and Mr. Burton. AES concedes that its claims against Mr. Burton were not timely filed and therefore consents to dismissal of all claims against Mr. Burton without prejudice, leaving the tortious interference claim against Precise as its sole remaining claim. *AES Resp.*, p. 3, Dkt. 19.

With respect to the tortious interference claim, AES alleges that it had an "ongoing contractual relationship with Hurricane Electronics," and Precise and Mr. Burton "conspired with each other and others to engage in intentional acts and make overt statements with the intent to induce Hurricane Electronics and others to terminate its contractual relationship with Aerospace Engineering. *Counterclaim* ¶¶ 31, 34, Dkt. 6. According to AES, Mr. Burton and Precise "did in fact succeed in their intended goal to persuade Hurricane Electronics to terminate the contractual relationship of Aerospace Engineering with Hurricane Electronics, resulting in AES's losing a $750,000.00 contract. *Id.* ¶¶ 36, 41. While AES claims Precise and Mr. Burton's "conduct was intentional and unjustified and resulted in Hurricane Electronics unjustifiably terminating its contract" with AES, AES includes no factual allegations detailing Precise and Mr. Burton's alleged "intentional," "unjustified," and "wrongful" conduct.

Precise and Mr. Burton now move to dismiss AES's claims against them on the grounds that AES has failed to allege any facts supporting these claims. In addition, Precise seeks to strike AES's affirmative defenses, arguing AES has waived the defenses it has pleaded because AES fails to set forth any facts to support them.

## ANALYSIS

### 1. Motion to Dismiss

Precise and Mr. Burton seek dismissal of all claims against them. As noted, AES consents to dismissal of its untimely claims against Mr. Burton. Accordingly, the Court will grant Mr. Burton's motion to dismiss the Third-Party Complaint without prejudice. Thus, the Court need only consider Precise's motion to dismiss the tortious interference claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

#### A.   *Legal Standard*

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing the pleader is entitled to relief," in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Towmbly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court identified two "working principals" that underlie *Twombly*. First, although a court must accept as true all factual allegations in a complaint when ruling on a motion to dismiss, the court need not accept legal conclusions as true. *Id.* Second, only a complaint that states a plausible claim for relief will survive a motion to dismiss. Id. at 679. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

  **B.**  *Tortious Interference with Contract and Economic Relations*

In its Counterclaim, AES asserts a claim for "Tortious Interference with Contract and Economic Relations." Idaho recognizes the distinct torts of tortious interference with contract and tortious interference with economic relations. These are two distinct causes of action. Based on its response brief, it appears AES seeks to assert a claim for tortious interference with contract.

**MEMORANDUM DECISION AND ORDER - 5**

To state a claim for tortious interference with contract, a claim must allege: "(1) the existence of a contract; (2) knowledge of the contract on the part of the defendant; (3) intentional interference causing a breach of the contract; and (4) injury to the plaintiff resulting from the breach." *Bybee v. Isaac*, 178 P.3d 616, 624 (2008).

AES claims it "has met all of the pleading requirements [for a tortious interference claim] by stating the cause of action and need not address more details in the counterclaim, the details are well-known to the Counterclaim Defendant and will be more generally addressed during discovery." *AES Resp.*, p. 19, Dkt. 19. But "Rule 8 does not empower [AES] to plead the bare elements of [its] cause of action, affix the label 'general allegation,' and expect [its] complaint to survive a motion to dismiss." *Iqbal*, 556 U.S. at 678-79 (citation and internal quotation marks omitted). Likewise, Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*

Rather, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "As the Court held in *Twombly*, the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

Yet, that is precisely what AES does here. Its tortious interference claim is entirely devoid of any factual allegations that would allow this Court to draw the reasonable inference that Precise is liable for the conduct alleged. While AES has adequately alleged the existence of an agreement with Hurricane Electronics and Precise's alleged knowledge of the agreement, AES otherwise improperly "tenders naked assertions devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678, to support its allegations that Precise persuaded Hurricane to terminate the contractual relationship, that termination caused a breach of the contract, and such conduct was "intentional and unjustified." AES alleges no facts to explain how Precise allegedly persuaded Hurricane to terminate the contractual relationship, how this termination caused a breach of the contract, or how this conduct was wrongful. Instead, AES offers only an "unadorned, the-defendant-unlawfully-harmed-me accusation," and then claims it does not need to allege more details, arguing, in essence, Precise "knows what it did."

This does not suffice under the heightened federal pleading standards outlined in *Iqbal* and *Twombly*, which govern this case upon its removal to federal court *by AES*. *See Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 437 (1974) (The "Federal Rules of Civil Procedure…govern the mode of proceedings

in federal court after removal."). Because AES have failed to allege any facts to support a finding that Precise intentionally interfered with the Hurricane contract and this interference caused a breach of the contract, AES has failed to adequately plead the requisite elements of tortious interference of contracts. AES's claim for tortious interference with contract must accordingly be dismissed.

### C. *Leave to Amend*

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (issued 2 months after *Iqbal*). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). As the Court finds that AES's counterclaim against Precise could be cured by the allegation of other facts, the Court will allow AES leave to amend its counterclaim by filing such amended counterclaim on or before April 19, 2022.

### 2. Motion to Strike Affirmative Defenses

"An affirmative defense, under the meaning of Federal Rule of Civil Procedure 8(c), is a defense that does not negate the elements of the plaintiff's

claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Barnes v. AT & T Pension Ben. Plan–Nonbargained Program*, 718 F.Supp.2d 1167, 1173–74 (N.D.Cal. 2010). Precise argues that AES waived its affirmative defenses because it failed to "set forth any facts with any defense at all," and therefore Precise seeks to strike all fourteen affirmative defenses. *Precise Opening Br.*, p. 15-16, Dkt. 11-1.

Fed. R. Civ. P. 12(f) allow a court "to strike from a pleading an insufficient defense." *Id. See also Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 243 (9th Cir. 1990). "The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that will arise from litigating spurious issues by dispensing with those issues prior to trial." *Solis v. Zenith Cap., LLC*, No. C 08-4854 PJH, 2009 WL 1324051, at *3 (N.D. Cal. May 8, 2009) (citing *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).

A defense may be insufficient as a matter of law or as a matter of pleading. *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1204 (N.D. Cal. 2013). As a matter of pleading, "most district courts in [the Ninth Circuit] agree that the heightened pleading standard of *Twombly* and *Iqbal*…is now the correct standard to apply to affirmative defenses." *Id.* "Accordingly, [AES's] affirmative defenses must contain sufficient factual matter to state a defense that is 'plausible on its face.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678) (citing *Twombly*, 550 U.S. at 555).

Precise accurately characterizes all fourteen of AES's affirmative defenses as either improper affirmative defenses, such as "failure to state a claim," which is not an affirmative defense, or "simply bland recitations of the names of the defenses" with no factual detail provided at all. *Precise's Opening Br.*, pp. 17-18, Dkt. 11-1. AES' opposition appears to rest on the premise that some pleading standard lower than *Iqbal* and *Twombly* applies to affirmative defenses – a position this Court rejects for the reasons set forth above.

Accordingly, the Court grants Precise's motion to strike AES's affirmative defenses. Where a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party, however. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). The Court therefore grants AES leave to amend those affirmative defenses that actually constitute an affirmative defense to add sufficient detail to state a defense that is "plausible on its face."

## ORDER

**IT IS ORDERED that:**

1. Counterdefendant Precise Innovations, LLC and Third-Party Defendant Ryan Burton's Motion to Dismiss and/or Strike the First Amended Answer to Complaint, Counterclaim, and Third-Party Complaint (Dkt. 11) is **GRANTED**.

2. AES is granted leave to amend its answer and counterclaim against Precise to add sufficient factual detail for both its claims for relief and affirmative defenses. AES shall file such amended answer and counterclaim on or before April 19, 2022. If an amended counterclaim is filed, Precise shall have twenty-one days from the date of the filing of the same in which to file a motion to dismiss, if any, or an answer. If AES fails to file amended affirmative defenses, those defenses will be deemed waived. Similarly, if AES fails to file an amended counterclaim by April 19, 2022, the counterclaim will be dismissed with prejudice.

DATED: March 21, 2022

B. Lynn Winmill
U.S. District Court Judge